JUDGE WILLIAMS
delivered the opinion op the court:
Sterlin E. Broadwell made the following will in 1848:
“Lexington, December 30th, 1848.
The breaking out of the cholera is hourly anticipated in our city, and, not knowing who may be the first victims to the fatal disease, I prepare this, my last will and testament, for the benefit of my dear wife, Drusilla C. Broadwell. I do give and bequeath to my dear wife, Drusilla C. • Broadwell, all of my estate, in fee simple, to do as she pleases with, both real, personal and mixed. S. E. BROADWELL.”
The testator afterwards acquired real estate, in the years 1853 and 1854, and, without a republication of his will, died in 1861.
Mrs. Broadwell became administratrix, with the ‘will annexed. She filed this petition, to have the after acquired real estate, which had descended to the heirs at law, appropriated to the payment of testator’s debts, and, to the extent of its value, exonerate the personal estate and slaves of the testator from this liability.
The heirs at law contested the right of the administratrix, who was also the sole legatee, to thus exonerate the personal, estate and slaves.
The circuit court, on the hearing, adjudged that the after acquired real estafe, thus descended to the heirs, be sold, and the proceeds applied to the payment of the debts, and to the exoneration of the estate bequeathed. To reverse which the heirs prosecutes this appeal.
The Revised Statutes provides that the laws in existence at the time they go into effect shall govern wills, previously made. So these have no application to this case.
“A regular specific legacy may be defined, the bequest of a particular thing or money specified and distinguished from all others of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor.” (1 Roper, 149.)
This is a general bequest and devise of all the testator’s es-, tate of every kind, and not a specific bequest.
*292 The laws of the land required his debts to be paid, first out of the perishable goods not specifically bequeathed, next out of the slaves, and, if these be insufficient, then out of the real estate.
As the testator made no provision for the payment of his debts, it must be. presumed that he intended they should be paid in manner as provided by law.
Before the personal estate can be exonerated from this charge, even as between the legatee and heir, a clear intention, either express or implied, to exonerate it, must be manifested by the testator.
For a very elaborate discussion of this doctrine, reference is made to the cases of Walker's Estate, (3 Rawle, Penn. Rep. 236;) Hays et al Exr's. vs. Jackson et al, (6 Mass., 150.)
Nothing herein conflicts with the case of Trumbo vs. Lorency, (3 Mon., 285,) or Livingston vs. Newkirk, (3 John. Chan. Rep., 320.)
As the personal estate, including the slaves, was more than ample to pay off all the testator’s debts, the court erred in subjecting the real estate descended to the heirs.
Wherefore, the judgment is reversed, and the cause remanded with directions to dismiss the plaintiff’s petition.